IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


**DELMUS A. ROGERS,**

    **Plaintiff,**

vs.                                       **CASE NO. 5:04CV56-SPM/AK**

**OFFICER L. MCDONALD,**
et al,

    **Defendants.**

    _____/


## REPORT AND RECOMMENDATION

Plaintiff claims that Defendants McDonald and McKenzie used excessive force against him and were deliberately indifferent to his safety needs. (Doc. 1). Defendants have filed a special report (doc. 25), which has been construed as a motion for summary judgment (doc. 30), and although he was advised of his obligation to provide evidentiary material to support his claims, (doc. 29), Plaintiff has not responded.

**I.**    **Allegations of the complaint (doc. 1)**

Plaintiff claims that Defendants beat him in the chest, stomach and head area on two different occasions (June 5, 2003, and June 9, 2003) causing pain, swelling, and

rectal bleeding. (Doc. 1). Plaintiff also claims that the institution knew of a substantial risk of harm in placing him in a cell with Inmate Gray C, who attacked him. (Doc. 1).

## II.     Standard of Review

A district court should grant summary judgment when, "after an adequate time for discovery, a party fails to make a showing sufficient to establish the existence of an essential element of that party's case." Nolen v. Boca Raton Community Hospital, Inc., 373 F.3d 1151, 1154 (11th Cr. 2004), *citing* Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986). All issues of material fact should be resolved in favor of the Plaintiff or non-moving party before the Court determines the legal question of whether the defendant is entitled to judgment as a matter of law under that version of the facts. Durruthy v. Pastor, 351 F.3d 1080, 1084 (11th Cir. 2003); Skrtich v. Thornton, 280 F.3d 1295, 1299 (11th Cir. 2002). The Plaintiff has the burden to come forward with evidentiary material demonstrating a genuine issue of fact for trial. Celotex, 477 U.S. at 322-23. Plaintiff must show more than the existence of a "metaphysical doubt" regarding the material facts, Matsushita Electric Industrial Co., LTD. v. Zenith Radio Corporation, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986), and a "scintilla" of evidence is insufficient. There must be such evidence that a jury could reasonably return a verdict for the party bearing the burden of proof. Anderson v. Liberty Lobby, 477 U.S. 242, 251, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986). "For factual issues to be considered genuine, they must have a real basis in the record." Mize v. Jefferson City Board of Education, 93 F.3d 739, 742 (11th Cir. 1996).

**No. 5:04cv56-spm/ak**

"Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " Owen v. Wille, 117 F.3d 1235, 1236 (11th Cir. 1997), *cert. denied* 522 U.S. 1126 (1998), *quoting* Celotex, 477 U.S. at 324, 106 S. Ct. at 2553 (quoting Fed. R. Civ. P. 56(c), (e)).  The nonmoving party need not produce evidence in a form that would be admissible as Rule 56(e) permits opposition to a summary judgment motion by any of the kinds of evidentiary materials listed in Rule 56(c).  Owen v. Wille, 117 F.3d at 1236; Celotex, 477 U.S. at 324, 106 S. Ct. at 2553.

While a moving party is not required to support his motion for summary judgment with affidavits, Celotex, supra at 323, the facts stated in uncontradicted affidavits or other evidentiary materials must be accepted as true for purposes of summary judgment.  Gauck v. Meleski, 346 F.2d 433, 436 (5th Cir. 1965).

**III.**     **Defendants' Rule 56(e) evidence)**

      a)     Affidavit of Channing O. McKenzie (doc. 25, exhibit A)

Defendant McKenzie denies ever striking Plaintiff nor has he ever witnessed another corrections officer striking Plaintiff.  He notes that the Inspector General has investigated Plaintiff's claims and found them to be unsupported by any evidence.  There are no medical records to support his allegations of injuries from the alleged use of force.

**No. 5:04cv56-spm/ak**

      b)      <u>Affidavit of Larry McDonald (doc. 25, exhibit B)</u>

Defendant McDonald denies ever striking Plaintiff nor has he ever witnessed another corrections officer striking Plaintiff. He notes that the Inspector General has investigated Plaintiff's claims and found no evidence to corroborate Plaintiff's claims. There are no medical records which support Plaintiff's claim of injuries.

      c)      <u>Incident Report and Investigative Report (doc. 25, exhibit C)</u>

The Incident Report dated June 12, 2003, was taken by Correctional Officer James Coker, and reports that Sergeant Steverson stated that Inmate Rogers told him he was in fear of his safety from Defendants because they had both hit him in the stomach earlier on June 9, 2003, when they took him for a medical call out. Inmate Rogers believed they hit him in retaliation for his filing grievances concerning his medical condition. Later he claimed that he was awakened by Defendants bringing Inmate Gray in the cell, with whom he had a problem that the officers knew about, but they left him anyway and Gray and Rogers fought. Gray hit Rogers in the face and bit him on the shoulder. Plaintiff alleges that he was then taken to medical where Defendants beat him until he hit the floor. Medical examined him at that time.

The Medical Department description of the injuries were:

> In a medical report completed by Nurse Kent, a bite mark on the right shoulder, a [sic] abrasion on the left elbow and red marks on the left side of the stomach and left back area.

The case was assigned to investigation on June 16, 2003, and concerned only the incident of June 9, 2003. The report is dated August 14, 2003, and lists seven

**No. 5:04cv56-spm/ak**

witnesses: Nurse Donna Kent, Corrections Officers Mervin Speights, Mark Rogers, Paul Steverson, Travis Butts, Jonathon Arndt, and Inmate Cedric Gray.

The Case Summary dated August 15, 2003, concerning the allegations against Defendants, as reported by Plaintiff to Sergeant Steverson, shows a disposition of "Downgraded to C1 on 8/15/03. Exhausted Investigative Leads." There was no exoneration and no finding that the allegations were sustained or unsustained.

A Case Summary dated June 16, 2003, concerning the assault upon Plaintiff by Inmate Gray shows that Inmate Gray assaulted Plaintiff after he was moved into his cell, the fight ended when the corrections officers threatened to use chemical agents, Gray was removed and given a DR for battery, and both he and Plaintiff were examined by medical and determined to have minor injuries. "No force was used by staff and no injuries to staff."

    d)    <u>Medical Records (doc. 25, exhibit D)</u>

An Emergency Room Record dated June 9, 2003, shows that Plaintiff was assessed following "alleged abuse by staff on June 4, 2003 and June 9, 2003." He claims that he was hit behind right ear and in the abdomen and ribs, but no injuries or bruising or other marks were visible. There was a superficial abrasion to his left elbow, which he claimed to have gotten when he fell.

**IV.    Analysis**

    a.    <u>Excessive Force</u>

Under the Eighth Amendment force is deemed legitimate in a prison setting as long as it is used "in a good faith effort to maintain or restore discipline [and not]

**No. 5:04cv56-spm/ak**

maliciously and sadistically to cause harm." Whitley v. Albers, 475 U.S. 312, 320-21 (1986), quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir. 1973).  A variety of factors are considered in determining whether the force was applied maliciously or sadistically, including the need for force, the relationship between that need and the amount of force used, the threat reasonably perceived by the prison officials applying it, and any efforts made to temper the severity of the force used.  Hudson v. McMillian, 503 U.S. 1, 7-8 (1992).  A *de minimis* use of force, as evidenced by no injury, is one of the factors for consideration and cannot support a claim of excessive use of force. Hudson, at 7.

Defendants have by affidavit denied any use of force and contend that any injury to Plaintiff was the result of an attack by another inmate.  An investigation by the Office of Inspector General found no evidence to support any use of force, and the medical records provided by Defendants show only a bite mark, an abrasion to the left elbow and red marks on the stomach and back.  Plaintiff does not allege that either of the Defendants bit him and admitted to the nurse upon examination that the abrasion was the result of a fall, so that the only injuries possibly related to the blows Plaintiff claims were inflicted by Defendants were red marks.  Thus, even if the Court were to find that excessive force was used, which it does not, the results were de minimis.

Plaintiff has come forward with no evidentiary material, no witness statements, no contrary medical records, and has not offered an affidavit of his own to counter the facts set forth in the affidavits provided by the Defendants.  Without some evidentiary material to support his claims, the Court must accept as true the facts set forth in the

**No. 5:04cv56-spm/ak**

affidavits which deny that any force was used upon Plaintiff by the Defendants. Thus, this claim fails.

      b) <u>Failure to Protect</u>

"'[P]rison officials have a duty...to protect prisoners from violence at the hands of other prisoners.' ... It is not, however, every injury suffered by one prisoner at the hands of another that translates into [a] constitutional liability. <u>Farmer v. Brennan</u>, 511 U.S. 825 (1994)(citations omitted). To show a violation of an inmate's Eighth Amendment right to be protected, a Plaintiff must show: (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation. Each element must be proven. <u>Purcell ex rel Estate of Morgan v. Toombs County</u>, 400 F.3d 1313 (11th Cir. 2005); <u>Hale v. Tallapoosa County,</u> 50 F.3d 1579, 1582 (11th Cir. 1995); <u>LaMarca v. Turner</u>, 995 F.2d 1526, 1537 (11 Cir. 1993). The mere knowledge of a dangerous condition does not establish deliberate indifference, the plaintiff must demonstrate that with knowledge of the dangers, the defendants knowingly or reckless declined to take actions that would have improved the conditions. <u>LaMarca v. Turner</u>, 995 F.2d 1526, 1537 (11 Cir. 1993).

A prisoner under the Eighth Amendment has a right to be "reasonably protected from constant threat of violence and sexual assault by his fellow inmates," <u>Woodhous v. Virginia</u>, 487 F.2d 889, 890 (4th Cir. 1973), but "a prison custodian is not the guarantor of a prisoner's safety." <u>Popham v. City of Talladega,</u> 908 F.2d 1561, 1564 (11th Cir. 1990).

**No. 5:04cv56-spm/ak**

Defendants do not address this issue in their motion or in the evidentiary material attached thereto.  However, Plaintiff fails to show any of the elements necessary to support such a claim in his complaint.  In his complaint, Plaintiff states that the "institution" knew better when Inmate Gray was placed back in Plaintiff's cell, and the "institution" did not care about his safety, but he fails completely to show that either of the named defendants had any information that would have put them on notice about a risk of harm in placing Gray in the same cell as Plaintiff.  Thus, this claim, too, fails.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendants' Motion for Summary Judgment (doc. 30) be **GRANTED**, and Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).

**IN CHAMBERS** at Gainesville, Florida, this **27th** day of February, 2007.

        *s/ A. KORNBLUM*
        **ALLAN KORNBLUM**
        **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 5:04cv56-spm/ak**